**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4181**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JIMMY KEITH RUSSELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-01182-TLW-1)

Submitted:  July 24, 2012          Decided:  August 10, 2012

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  William E. Day, II, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Keith Russell was sentenced to forty-two months of imprisonment, followed by three years of supervised release, following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006), and Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2006). His term of supervised release began in March 2011.

In late October 2011, the probation officer filed a Petition for Warrant or Summons for Offender Under Supervision in the district court, alleging that Russell had violated two conditions of his supervised release: (1) he had engaged in illegal drug use; and (2) he had failed to pay the special assessment fee and restitution. In describing Russell's illegal drug use, the probation officer alleged that Russell had failed two drug tests, testing positive for marijuana and cocaine on July 19, 2011, and testing positive for cocaine on October 3, 2011. After Russell failed another drug test on January 13, 2012, testing positive for cocaine, the probation officer submitted a Petition for Action on Conditions of Pretrial Release, arguing that Russell had violated the conditions of his pretrial release and requesting that a warrant be issued for his arrest.

At his revocation hearing, Russell admitted to the violations, and also admitted that he failed the additional drug

2

test on January 13, 2012. His Grade C violations combined with his level I criminal history category produced a recommended imprisonment range of three to nine months. U.S. Sentencing Guidelines Manual, § 7B1.4, p.s. (2011). The district court sentenced Russell to six months of imprisonment, followed by two years of supervised release.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Counsel asks the court, however, to consider whether the district court imposed a plainly unreasonable sentence. In response, Russell has filed a pro se supplemental brief, raising several issues related to his revocation hearing. Finding no reversible error, we affirm.

In reviewing a sentence imposed upon revocation of supervised release, we "take[] a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. Crudup,

461 F.3d at 438. Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court has considered Chapter Seven's advisory policy statement range and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors applicable to supervised release revocation. See 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2011); Crudup, 461 F.3d at 438-40. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

Our review of the record reveals that the district court correctly calculated and considered the advisory policy statement range and properly considered the relevant § 3553(a) factors. Because the district court stated a proper basis for the sentence imposed, which was within the Chapter Seven Guidelines and below the statutory maximum, see 18 U.S.C.A.

4

§ 3583(e)(3) (West Supp. 2011), we conclude that the sentence was both procedurally and substantively reasonable.

Addressing the arguments raised in Russell's pro se supplemental brief, he first claims that the district court erroneously sentenced him based on uncharged violations of supervised release. To the extent that Russell is alleging a violation of Fed. R. Crim. P. 32.1(b)(2) (stating that defendant is entitled to a full revocation hearing, including written notice of the alleged violation), we review for plain error as he failed to object below. United States v. Olano, 507 U.S. 725, 732 (1993). We conclude that Russell cannot establish that plain error occurred. Russell's advisory policy statement range remained three to nine months based on the classification of his violations as Grade C and his criminal history category of I, regardless of whether the district court considered two or three[*] drug test violations. Accordingly, we find that the alleged error did not affect Russell's substantial rights or "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). Finally, contrary to Russell's arguments on appeal, we find that the district court recognized its discretionary authority under

---

[*] The record reveals the district court did not consider Russell's failed drug test of January 31, 2012.

5

18 U.S.C.A. § 3583(d) (West Supp. 2011) to place Russell in a substance abuse program as an alternative to incarceration.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED